THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
SAMIA EL BAROUDY                             *
3302 Prospect Street, NW,                    *
Washington, DC 20007-3216                    *
                                             *
              Plaintiff,                     *
                                             *
       vs.                                   *
                                             *   CIVIL ACTION 1:06-CV-00181-RMC
                                             *
ADT SECURITY SERVICES, INC.                  *
One Town Center Road                         *
Boca Raton, FL 33486                         *
                                             *
              Defendant.                     *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## REPORT TO COURT AND PROPOSED SCHEDULING ORDER

Pursuant to this Court's Order for Initial Scheduling Conference and LCvR 16.3, Defendant ADT Security Services, Inc. hereby states that, on May 1, 2006, counsel for the parties discussed the status of the case, the positions of the parties, and the likelihood of settlement. As result of those discussions, ADT submits the following joint Report to Court and Proposed Scheduling Order:

      1.      **Likelihood to be Disposed of by Dispositive Motion**—at this juncture of the case, it is unclear whether a dispositive motion likely would dispose of the case. Defendant reserves the right to file a motion to dismiss or summary judgment motion. Plaintiff believes the case to be fact intensive and unlikely to be disposed of by motion. No motions have been filed to date.

130775v1

2.  **Deadline for Joinder of Parties**—at this juncture, the parties have not identified any other parties to join.

3.  **Consent to Magistrate**—the parties do not consent to a magistrate at this time.

4.  **Possibility of Settlement**—the parties agree that a mutually agreeable settlement is possible in this case.

5.  **Court-ordered ADR**—the parties agree that Court-Ordered ADR could be useful to the successful resolution of this case. ADR would be most beneficial after the parties have exchanged initial discovery requests.

6.  **Resolution by Summary Judgment or Motion to Dismiss**—see Paragraph 2, regarding Dispositive Motions.

7.  **Initial Disclosures**—the parties stipulate to dispense with the Rule 26(a)(1) initial disclosures.

8.  **Discovery Limits**—the parties agree that discovery will be limited. The parties stipulate to no more than five (5) depositions each and twenty-five (25) interrogatories. The parties anticipate discovery closing by August 15, 2006.

9.  **Expert Disclosures**—parties agree that the normal Rule 26(a)(2)(b) expert procedure should apply in this matter.

10. **Class Actions**—not applicable.

11. **Bifurcation**—the parties agree that bifurcation is not appropriate in this matter.

12. **Pre-Trial Conference**—the parties respectfully request this Court to set the Pre-Trial Conference on or about November 17, 2006.

130775v1

- 3 –

13. **Firm Trial Date**—because of the willingness of the parties to try to resolve this matter through informal settlement negotiations and/or Court-Ordered ADR, the parties agree that there is no need to set a firm trial date at this time.

14. **Other Matters**—there are no other matters that are appropriate for inclusion in the scheduling order.

Pursuant to LRvC 16.3(d), attached is a Proposed Scheduling Order for the Court's consideration.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:      /S/
　　　Carlos E. Provencio, Bar No. 461227
　　　Christine S. Hudson, Bar No. 488814
　　　600 14th Street, N.W., Suite 800
　　　Washington, D.C. 20005-2004
　　　Telephone: (202) 783-8400
　　　Facsimile: (202) 783-4211

ATTORNEYS FOR DEFENDANT
ADT SECURITY SERVICES, INC.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished by electronic filing, to the following counsel of record this 1st day of May, 2006.

     Joel W. Anders, Esq.
     1800 K Street, NW, Suite 624
     Washington, DC 20006
     (202) 466-4334
     **Attorney for Plaintiff**

                                                    /S/
                                            Carlos E. Provencio

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SAMIA EL BAROUDY
3302 Prospect Street, NW,
Washington, DC 20007-3216

        Plaintiff,

vs.

CIVIL ACTION 1:06-CV-00181-RMC

ADT SECURITY SERVICES, INC.
One Town Center Road
Boca Raton, FL 33486

        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# [PROPOSED] SCHEDULING ORDER

## I. DEADLINES

| | |
|---|---|
| Moving for joinder of additional parties and amendment of pleadings | June 2, 2006 |
| Plaintiff's Rule 26(a)(2) disclosures re experts | July 14, 2006 |
| Defendant's Rule 26(a)(2) disclosures re experts | August 14, 2006 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re experts | August 31, 2006 |
| Rule 26(e)(2) supplementation of disclosures and responses | September 8, 2005 |
| Discovery deadline; submission of status report | September 29, 2006 |
| Requests for admission | October 6, 2006 |
| Dispositive pretrial motions deadline | October 27, 2006 |

130775v1

Pretrial Conference November 17, 2006 at 9:00 a.m.

## II. DISCOVERY

<u>Initial Disclosures</u>
This is an action in which Fed. R. Civ. P. 26(a)(1) and LCvR 26.2 disclosures need not be made.

<u>Procedure</u>
All other provisions of LCvR 26.2 apply. Additionally, the following apply:

    a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

    b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

    c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

    d. Prior to filing a Motion to Compel, the parties shall meet and confer in order to try to resolve the matter. In the event that the matter cannot be resolved, any Motion to Compel shall be accompanied by a Certification outlining the efforts made by the counsel to resolve the matter, including the dates of the conferences, the persons in attendance, and the methods undertaken.

## III. STATUS REPORT

The parties shall file jointly on the day of the discovery deadline a status report covering the following matters:

    a. Whether discovery has been completed;

    b. Whether any motions are pending;

    c. Whether any party intends to file a dispositive pretrial motion;

    d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

    e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

    f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

130775v1

- 3 -

g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment;

h. Any other matter which you believe should be brought to the court's attention.

## IV. PRETRIAL CONFERENCE

A pretrial conference has been set for **November 17, 2006 at 9:00 a.m.** in Chambers. The pretrial order shall be submitted five days before the pretrial conference is held. Counsel will be held to strict compliance with LCvR 16.5, as to submission and contents of the pretrial statement. Requested voir dire and requested jury instructions are due from all parties at the pretrial conference. **The Court would appreciate receiving the requested voir dire and jury instructions on diskette or CD, where available.** A trial date will be set at the pretrial conference. I also will ask you whether a settlement conference or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. Please confer with your client about these matters before the conference so that you are in a position to respond.

_____          _____
Date                                                                  Rosemary M. Collyer
                                                                              United State District Judge
`